OLIVIER A. TAILLIEU (SBN 206546)
*o@taillieulaw.com*
RAFFI V. ZEROUNIAN (SBN 236388)
*rz@taillieulaw.com*
**THE TAILLIEU LAW FIRM LLP**
450 N. Roxbury Drive, Suite 700
Beverly Hills, CA 90210
Telephone: (310) 651-2440
Facsimile: (310) 651-2439

Attorneys for Defendant TYPO PRODUCTS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BLACKBERRY LIMITED, a Canadian corporation, | CASE NO. 3:14-cv-00023 WHO |
| Plaintiff, | **TYPO PRODUCTS LLC'S ANSWER & COUNTERCLAIM** |
| v. | |
| TYPO PRODUCTS LLC, a Nevada limited liability company, | |
| Defendant. | |
| TYPO PRODUCTS LLC, a Nevada limited liability company, | |
| Counter-Plaintiff, | |
| v. | |
| BLACKBERRY LIMITED, a Canadian corporation, | |
| Counter-Defendant. | |

0167-1001

## RESPONSE TO GENERAL ALLEGATIONS

Defendant Typo Products LLC ("Typo"), for its Answer and Counterclaim to the Complaint of Plaintiff BlackBerry Limited ("BlackBerry") hereby states as follows:

1. Typo denies all allegations of Paragraph 1 of BlackBerry's Complaint.

2. Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of BlackBerry's Complaint, and, on that basis, denies them.

3. Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 3 of BlackBerry's Complaint, and, on that basis, denies them. Typo denies all allegations of the second sentence of Paragraph 3 of BlackBerry's Complaint.

4. Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 4 of BlackBerry's Complaint, and, on that basis, denies them. Typo denies all allegations of the first and third sentences of Paragraph 4 of BlackBerry's Complaint.

5. Typo denies all allegations of Paragraph 5 of BlackBerry's Complaint.

6. In response to Paragraph 6 of BlackBerry's Complaint, Typo admits that it has developed the Typo iPhone keyboard case, an external case for the Apple iPhone 5/5s with an integrated physical keyboard. Except as expressly admitted herein, Typo denies all allegations of Paragraph 6 of BlackBerry's Complaint.

7. Typo denies all allegations of Paragraph 7 of BlackBerry's Complaint.

8. Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of BlackBerry's Complaint, and, on that basis, denies them.

9. On information and belief, Typo admits the allegations of Paragraph 9 of BlackBerry's Complaint.

TYPO PRODUCTS LLC'S ANSWER AND COUNTERCLAIM

10.     Paragraph 10 of BlackBerry's Complaint sets forth a legal conclusion to which Typo is not required to respond; to the extent that any response is required, Typo admits that the Court has subject matter jurisdiction under 15 U.S.C. §§ 1114, 1125, and 28 U.S.C. §§ 1331, 1338(a) and denies all remaining allegations of Paragraph 10.

11.     Paragraph 11 of BlackBerry's Complaint sets forth a legal conclusion to which Typo is not required to respond; to the extent that any response is required, Typo denies those allegations.

12.     Paragraph 12 of BlackBerry's Complaint sets forth a legal conclusion to which Typo is not required to respond; to the extent that any response is required, Typo does not contest personal jurisdiction in this action, admits that it has a principal place of business at 1100 Glendon Avenue, Suite 925, Los Angeles, CA 90024, and denies all remaining allegations of Paragraph 12.

13.     Paragraph 13 of BlackBerry's Complaint sets forth a legal conclusion to which Typo is not required to respond; to the extent that any response is required, Typo does not contest venue in this action and denies all remaining allegations of Paragraph 13.

14.     Paragraph 14 of BlackBerry's Complaint sets forth a legal conclusion to which Typo is not required to respond; to the extent that any response is required, Typo does not contest that this action is to be assigned in accordance with the Civil Local Rules.

15.     Typo denies all allegations of Paragraph 15 of BlackBerry's Complaint.

16.     Typo denies all allegations of Paragraph 16 of BlackBerry's Complaint.

17.     Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of BlackBerry's Complaint, and, on that basis, denies them.

18.     Typo denies all allegations of Paragraph 18 of BlackBerry's Complaint.

19.     Typo denies all allegations of Paragraph 19 of BlackBerry's Complaint.

20.     Typo denies all allegations of Paragraph 20 of BlackBerry's Complaint.

21.     Typo denies all allegations of Paragraph 21 of BlackBerry's Complaint.

22.     Typo denies all allegations of Paragraph 22 of BlackBerry's Complaint.

23.     Typo denies all allegations of Paragraph 23 of BlackBerry's Complaint.

24.     Typo denies all allegations of Paragraph 24 of BlackBerry's Complaint.

25.     Typo denies all allegations of Paragraph 25 of BlackBerry's Complaint.

26.     Typo denies all allegations of Paragraph 26 of BlackBerry's Complaint.

27.     Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 27 of BlackBerry's Complaint, and, on that basis, denies them. Typo denies all allegations of the second sentence of Paragraph 27 of BlackBerry's Complaint.

28.     Typo denies all allegations of the first sentence of Paragraph 28 of BlackBerry's Complaint. Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, fourth and fifth sentences of Paragraph 28 of BlackBerry's Complaint, and, on that basis, denies them.

29.     Typo denies all allegations of the first sentence of Paragraph 29 of BlackBerry's Complaint. Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 29 of BlackBerry's Complaint, and, on that basis, denies them.

30.     In response to Paragraph 30 of BlackBerry's Complaint, Typo admits that U.S. Patent No. 7,629,964 ("the '964 patent"), entitled "Hand-Held Electronic Device With A Keyboard Optimized For Use With The Thumbs," names on its face Jason Griffin, John Holmes, Mike Lazaridis, Herb Little, and Harry Major, all of Canada, as inventors, and identifies RIM as the assignee, and purports to have been issued on December 8, 2009. Typo further admits that a copy of the '964 patent has been attached to BlackBerry's Complaint as Exhibit A. Typo denies

that the '964 patent was duly and legally issued. Except as expressly admitted herein, Typo denies all allegations of Paragraph 30 of BlackBerry's Complaint.

31.     In response to Paragraph 31 of BlackBerry's Complaint, Typo admits that U.S. Patent No. 8,162,552  ("the '552 patent"), entitled "Ramped-Key Keyboard for a Handheld Mobile Communication Device," names on its face Roman Rak, Jason Griffin, and Norman Ladouceur, all of Canada, as inventors, and identifies RIM as the assignee, and purports to have been issued on April 24, 2012. Typo further admits that a copy of the '552 patent has been attached to BlackBerry's Complaint as Exhibit B. Typo denies that the '552 patent was duly and legally issued. Except as expressly admitted herein, Typo denies all allegations of Paragraph 31 of BlackBerry's Complaint.

32.     Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of BlackBerry's Complaint, and, on that basis, denies them.

33.     In response to Paragraph 33 of BlackBerry's Complaint, Typo admits that U.S. Patent No. D685,775  ("the D'775 patent"), entitled "Ramped-Key Keyboard for a Handheld Mobile Communication Device," names on its face Joseph Michael Hofer, Todd Andrew Wood, Di Tao, Roman Rak, Anders Fahrendorff, Cortez Corley, Ingve Holmung, and Alison Phillips, all of Canada, as inventors, and identifies RIM as the assignee, and purports to have been issued on July 9, 2013. Typo further admits that a copy of the D'775 patent has been attached to BlackBerry's Complaint as Exhibit C. Typo denies that the D'775 patent was duly and legally issued. Except as expressly admitted herein, Typo denies all allegations of Paragraph 31 of BlackBerry's Complaint.

34.     Typo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of BlackBerry's Complaint, and, on that basis, denies them.

35.     Typo denies all allegations of Paragraph 35 of BlackBerry's Complaint.

36.     Typo denies all allegations of Paragraph 36 of BlackBerry's Complaint.

37.     Typo denies all allegations of Paragraph 37 of BlackBerry's Complaint.

38.     In response to Paragraph 38 of BlackBerry's Complaint, Typo admits that it has developed the Typo keyboard case. Except as expressly admitted herein, Typo denies all allegations of Paragraph 38 of BlackBerry's Complaint.

39.     Typo denies all allegations of Paragraph 39 of BlackBerry's Complaint.

40.     Typo denies all allegations of Paragraph 40 of BlackBerry's Complaint.

41.     In response to Paragraph 41 of BlackBerry's Complaint, Typo admits that on or about December 9, 2013, Typo's co-founder Ryan Seacrest was interviewed by CNN about the Typo Keyboard and that what purports to be an excerpted portion of that interview is available at http://www.cnn.com/2013/12/06/tech/mobile/ryan-seacrest-iphone-startup/. Except as expressly admitted herein, Typo denies all allegations of Paragraph 41 of BlackBerry's Complaint.

42.     Typo denies all allegations of Paragraph 42 of BlackBerry's Complaint.

43.     Typo denies all allegations of Paragraph 43 of BlackBerry's Complaint.

44.     In response to Paragraph 44 of BlackBerry's Complaint, Typo admits that the Typo keyboard is available for preorder on its website and at http://typokeyboards.myshopify.com/products/typo-iphone-keyboard-case/. Except as expressly admitted herein, Typo denies all allegations of Paragraph 44 of BlackBerry's Complaint.

45.     In response to Paragraph 45 of BlackBerry's Complaint, Typo admits that the Typo keyboard is available for preorder on its website. Except as expressly admitted herein, Typo denies all allegations of Paragraph 45 of BlackBerry's Complaint.

46.     In response to Paragraph 45 of BlackBerry's Complaint, Typo admits that the Typo keyboard was designed and engineered in California and Utah. Except as expressly admitted herein, Typo denies all allegations of Paragraph 45 of BlackBerry's Complaint.

47. Typo denies all allegations of Paragraph 47 of BlackBerry's Complaint.

48. In response to Paragraph 48 of BlackBerry's Complaint, Typo admits that the Typo keyboard is manufactured and assembled in China. Except as expressly admitted herein, Typo denies all allegations of Paragraph 48 of BlackBerry's Complaint.

49. Typo denies all allegations of Paragraph 49 of BlackBerry's Complaint.

50. Typo denies all allegations of Paragraph 50 of BlackBerry's Complaint.

51. Typo denies all allegations of Paragraph 51 of BlackBerry's Complaint.

52. Typo denies all allegations of Paragraph 52 of BlackBerry's Complaint.

53. In response to Paragraph 53 of BlackBerry's Complaint, Typo admits that the quote set forth in the third sentence of Paragraph 53 appears on Typo's website at http://typokeyboards.com/about-us. Except as expressly admitted herein, Typo denies all allegations of Paragraph 53 of BlackBerry's Complaint.

54. Typo denies all allegations of Paragraph 54 of BlackBerry's Complaint.

55. Typo denies all allegations of Paragraph 55 of BlackBerry's Complaint.

56. In response to Paragraph 56 of BlackBerry's Complaint, Typo hereby incorporates by reference Paragraph 1 through 55 as set forth herein.

57. Typo denies all allegations of Paragraph 57 of BlackBerry's Complaint.

58. In response to Paragraph 58 of BlackBerry's Complaint, Typo hereby incorporates by reference Paragraph 1 through 57 as set forth herein.

59. Typo denies all allegations of Paragraph 59 of BlackBerry's Complaint.

60. In response to Paragraph 60 of BlackBerry's Complaint, Typo hereby incorporates by reference Paragraph 1 through 59 as set forth herein.

61. Typo denies all allegations of Paragraph 61 of BlackBerry's Complaint.

62.     In response to Paragraph 62 of BlackBerry's Complaint, Typo hereby incorporates by reference Paragraph 1 through 61 as set forth herein.

63.     Typo denies all allegations of Paragraph 63 of BlackBerry's Complaint.

64.     Typo denies all allegations of Paragraph 64 of BlackBerry's Complaint.

65.     Typo denies all allegations of Paragraph 65 of BlackBerry's Complaint.

66.     Typo denies all allegations of Paragraph 66 of BlackBerry's Complaint.

67.     Typo denies all allegations of Paragraph 67 of BlackBerry's Complaint.

68.     Typo denies all allegations of Paragraph 68 of BlackBerry's Complaint.

69.     Typo denies all allegations of Paragraph 69 of BlackBerry's Complaint.

70.     Typo denies all allegations of Paragraph 70 of BlackBerry's Complaint.

71.     Typo denies all allegations of Paragraph 71 of BlackBerry's Complaint.

72.     Typo denies all allegations of Paragraph 72 of BlackBerry's Complaint.

73.     Typo denies all allegations of Paragraph 73 of BlackBerry's Complaint.

74.     Typo denies all allegations of Paragraph 74 of BlackBerry's Complaint.

75.     In response to Paragraph 75 of BlackBerry's Complaint, Typo hereby incorporates by reference Paragraph 1 through 74 as set forth herein.

76.     Typo denies all allegations of Paragraph 76 of BlackBerry's Complaint.

77.     Typo denies all allegations of Paragraph 77 of BlackBerry's Complaint.

78.     Typo denies all allegations of Paragraph 78 of BlackBerry's Complaint.

79.     Typo denies all allegations of Paragraph 79 of BlackBerry's Complaint.

80.     Typo denies all allegations of Paragraph 80 of BlackBerry's Complaint.

81.     Typo denies all allegations of Paragraph 81 of BlackBerry's Complaint.

82.     Typo denies all allegations of Paragraph 82 of BlackBerry's Complaint.

83.     Typo denies all allegations of Paragraph 83 of BlackBerry's Complaint.

84.     Typo denies all allegations of Paragraph 84 of BlackBerry's Complaint.

85.     In response to Paragraph 85 of BlackBerry's Complaint, Typo hereby incorporates by reference Paragraph 1 through 84 as set forth herein.

86.     Typo denies all allegations of Paragraph 86 of BlackBerry's Complaint.

87.     Typo denies all allegations of Paragraph 87 of BlackBerry's Complaint.

88.     Typo denies all allegations of Paragraph 88 of BlackBerry's Complaint.

89.     Typo denies all allegations of Paragraph 89 of BlackBerry's Complaint.

90.     Typo denies all allegations of Paragraph 90 of BlackBerry's Complaint.

91.     Typo denies all allegations of Paragraph 91 of BlackBerry's Complaint.

92.     Typo denies all allegations of Paragraph 92 of BlackBerry's Complaint.

93.     Typo denies all allegations of Paragraph 93 of BlackBerry's Complaint.

94.     Typo denies all allegations of Paragraph 94 of BlackBerry's Complaint.

95.     Typo denies all allegations of Paragraph 95 of BlackBerry's Complaint.

96.     In response to Paragraph 96 of BlackBerry's Complaint, Typo hereby incorporates by reference Paragraph 1 through 95 as set forth herein.

97.     Typo denies all allegations of Paragraph 97 of BlackBerry's Complaint.

## **RESPONSE TO BLACKBERRY'S PRAYER FOR RELIEF**

98.     Paragraphs 1 through 17 of the Prayer for Relief of BlackBerry's Complaint set forth the statement of relief requested by BlackBerry, to which no response is required. To the extent any response is required, Typo denies that BlackBerry is entitled to any of the requested relief and denies any allegations contained therein. To the extent

Paragraphs 1 through 17 of the Prayer for Relief contain factual allegations, Typo denies them. Typo denies that BlackBerry is entitled to any relief whatsoever from Typo or the Court, either as prayed for in its Complaint or otherwise.

## RESPONSE TO BLACKBERRY'S JURY DEMAND

99.     Typo denies that BlackBerry is entitled to a trial by jury except as permitted by law.

100.     Typo further denies each and every allegation in BlackBerry's Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer and Counterclaim.

## DEFENSES

In further Answer to BlackBerry's Complaint, Typo hereby pleads and affirmatively sets forth the following defenses, undertaking the burden of proof on such defenses only to the extent required by law:

## FIRST AFFIRMATIVE DEFENSE

### (Preemption Under Federal Patent Law)

101.     To the extent that BlackBerry's state law causes of action, including, *inter alia*, counts of unfair business practices California Business & Professions Code §§ 17200, *et seq.*, and unjust enrichment against Typo, require a determination or analysis of the alleged patent infringement counts in support thereof, such causes of action are preempted by federal patent law.

## SECOND AFFIRMATIVE DEFENSE

### (Preemption Under Federal Trademark Law)

102.     To the extent that BlackBerry's state law causes of action, including, *inter alia*, counts of unfair business practices California Business & Professions Code §§ 17200, *et seq.*, and unjust enrichment against Typo, require a determination or analysis of the alleged trade dress infringement and trade dress dilution counts in support thereof, such causes of action are preempted by federal trademark law.

///

///

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

103.    To the extent that BlackBerry's state law causes of action, including, *inter alia*, counts of unfair business practices California Business & Professions Code §§ 17200, *et seq.*, and unjust enrichment against Typo, are preempted by federal patent law and/or federal trademark law, the Court lacks subject matter jurisdiction over such causes of action.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Trade Dress Infringement)

104.    BlackBerry's Complaint fails to state a claim for trade dress infringement against Typo upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Trade Dress Dilution)

105.    BlackBerry's Complaint fails to state a claim for trade dress dilution against Typo upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Unfair Business Practices)

106.    BlackBerry's Complaint fails to state a claim for unfair business practices under California Business & Professions Code §§ 17200, *et seq.*, against Typo upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Unjust Enrichment)

107.    BlackBerry's Complaint fails to state a claim for unjust enrichment against Typo upon which relief may be granted.

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '964, '552 and D'775 Patents)

108.    Typo has not infringed any valid and enforceable claim of the '964, '552 and D'775 patents, either directly, indirectly, literally or under the doctrine of equivalents.

## NINTH AFFIRMATIVE DEFENSE

### (Invalidity of the '964, '552 and D'775 Patents)

109.    Each asserted claim of the '964, '552 and D'775 patents is invalid for failure to comply with one or more of the conditions of patentability specified in part II of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## TENTH AFFIRMATIVE DEFENSE

### (Unenforceability of the '964 Patent)

110.    Each asserted claim of the '964 patent is unenforceable due to the doctrine of estoppel, BlackBerry's acts, failure to act, omissions, deceptive intent, and/or inequitable conduct during the prosecution of the '964 patent application and/or related patent applications.

111.    The '491 Patent is unenforceable because one or more persons involved in the prosecution of the application that issued as the '964 patent, in particular, its inventors Jason Griffin, John Holmes, Mike Lazaridis, Herb Little, and/or Harry Major, and/or prosecuting attorney Robert H. Kelly, committed inequitable conduct by deliberately withholding one or more known material prior art references from the Patent and Trademark Office (the "PTO") during the prosecution of the '964 patent and related patents. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc) ("In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference.") (emphasis in original) (citing *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)).

112.     In one instance of inequitable conduct, Griffin, Holmes, Lazaridis, Little, Major and/or Kelly withheld from the PTO several prior art products including the Smith Corona Spell Mate 30 and Smith Corona Spell Right 200. The Smith Corona Spell Mate 30 was widely available for sale in the United States by 1988.  A design patent based on the Smith Corona Spell Mate 30, entitled "Pocket Electronic Dictionary," issued on August 20, 1991 as U.S. Patent No. D319,223.  The Smith Corona Spell Right 200 was widely available for sale in the United States by 1988.  A design patent based on the Smith Corona Spell Right 200, entitled "Hand Held Electronic Dictionary," issued on August 28, 1990 as U.S. Patent No. D310,209. The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 products were both widely available for sale in the United States for over nine years prior to June 26, 1998 (the date to which BlackBerry alleges the '964 patent is entitled to claim priority), and is therefore prior art to the '964 patent.

113.     The PTO rejected an earlier version of the asserted claims of the '964 patent as anticipated by U.S. Patent No. 6,049,796 to Siitonen ("Siitonen"). The PTO allowed the asserted claims of the '964 patent only after the applicants argued, in an amendment dated August 20, 2009, that said claims were not anticipated because Siitonen: "(1) fails to disclose a top row in which the letter keys extend edge to edge, or a middle row in which the keys also extend edge to edge with a letter key adjacent to the left of the left edge; (2) fails to disclose keys in each of the rows that are arranged so that approximately half of the keys in the respective rows are positioned to the left of the vertical reference and half of the keys are positioned to the right of the vertical reference; (3) fails to disclose a top row with five letter keys on each side of the vertical reference, a middle row with five letter keys on the left and four letter leys on the right, and a lower row with four letter keys on the left and three letter keys on the right; and (4) fails to disclose each key in the lower row to be substantially vertically aligned with a respective key in each of the upper and middle row."

TYPO PRODUCTS LLC'S ANSWER AND COUNTERCLAIM

114.    Just like the '964 patent, the Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 are both in the field of mobile devices designed for thumb typing, disclose a similar subject matter, and therefore contain information material to the patentability of the '964 patent. The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 teach a keyboard with: (1) a top row in which the letter keys extend edge to edge, or a middle row in which the keys also extend edge to edge with a letter key adjacent to the left of the left edge; (2) keys in each of the rows that are arranged so that approximately half of the keys in the respective rows are positioned to the left of the vertical reference and half of the keys are positioned to the right of the vertical reference; (3) a top row with five letter keys on each side of the vertical reference, a middle row with five letter keys on the left and four letter leys on the right, and a lower row with four letter keys on the left and three letter keys on the right; and (4) each key in the lower row to be substantially vertically aligned with a respective key in each of the upper and middle row.

115.    The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200, in combination with Siitonen, render obvious all of the asserted claims of the '964 patent.

116.    The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 were each "but-for material" to the examination of the patent application that issued as the '964 patent because the PTO would not have allowed one or more claims of the '964 Patent had it been aware of either the Smith Corona Spell Mate 30 or the Smith Corona Spell Right 200. *Therasense*, 649 F.3d at 1291 ("When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art.").

117.    The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 are each not cumulative to the information that was before the PTO during prosecution of the '964 patent. During the prosecution of the '964 patent, the applicants argued, in an amendment dated August

20, 2009, that the asserted claims were allowable because neither Siitonen or any other reference before PTO, taken alone or in combination with each other, disclose a keyboard with: (1) a top row in which the letter keys extend edge to edge, or a middle row in which the keys also extend edge to edge with a letter key adjacent to the left of the left edge; (2) keys in each of the rows that are arranged so that approximately half of the keys in the respective rows are positioned to the left of the vertical reference and half of the keys are positioned to the right of the vertical reference; (3) a top row with five letter keys on each side of the vertical reference, a middle row with five letter keys on the left and four letter leys on the right, and a lower row with four letter keys on the left and three letter keys on the right; and (4) each key in the lower row to be substantially vertically aligned with a respective key in each of the upper and middle row. Because the Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 teach a keyboard with those four limitations, it is not cumulative of the prior art before the PTO during the prosecution of the '964 patent.

118.   Griffin, Holmes, Lazaridis, Little, Major and/or Kelly knew that the Smith Corona Spell Mate 30 and/or Smith Corona Spell Right 200 were prior art, knew that the Smith Corona Spell Mate 30 and/or Smith Corona Spell Right 200 were but-for material to the patentability of one or more claims of the '964 patent, and made a deliberate decision to withhold them from the PTO thereby committing inequitable conduct rendering the '964 Patent unenforceable.

119.   The single most reasonable inference that can be drawn from the evidence is that Griffin, Holmes, Lazaridis, Little, Major and/or Kelly's failure to disclose the Spell Mate 30 and/or Smith Corona Spell Right 200 to the PTO was done with the specific intent to deceive the PTO. This amounts to inequitable conduct rendering the '964 patent unenforceable.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

120.    Based on statements, representations, admissions, and/or other conduct during the prosecution of the '964, '552 or D'775 patent applications and/or related patent applications, BlackBerry is estopped from asserting any interpretation of the claims of the '964, '552 or D'775 patents that would cover the Typo keyboard.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

121.    Each asserted claim of the '964, '552 and D'775 patents is unenforceable due the doctrine of equitable estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

122.    Upon information and belief, BlackBerry's claims are barred, in whole or in part, because of patent misuse.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

123.    BlackBerry is not entitled to injunctive relief because any alleged injury to Typo is not immediate or irreparable and BlackBerry has an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (BlackBerry Cannot Prove Exceptional Case)

124.    BlackBerry cannot prove that this is an exceptional case justifying an award of attorney fees against Typo pursuant to 35 U.S.C. § 285 because Typo has not infringed and does not infringe, willfully or otherwise, any valid and enforceable claim of the '964, '552 or D'775 patents. None of the allegations asserted in BlackBerry's Complaint support a finding of willful

infringement as defined by *In re Seagate Tech., LLC*, 487 F.3d 1360, 1366 (Fed. Cir. 2007). Accordingly, BlackBerry cannot recover for willful infringement.

125.    BlackBerry's requests for relief for a finding of willful infringement, a finding that this case is exceptional, and an award of treble damages and attorneys' fees fail to state a claim upon which relief can be granted because BlackBerry has failed to allege the requisite facts.

126.    BlackBerry's requests for relief for a finding of willful infringement, a finding that this case is exceptional, and an award of treble damages and attorneys' fees are barred because Typo did not act with the requisite objective recklessness.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Functionality)

127.    Blackberry's fourth through eighth causes of action asserted in the Complaint are barred because Blackberry's alleged trade dress is functional.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Genericness)

128.    Blackberry's fourth through eighth causes of action asserted in the Complaint are barred because Blackberry's alleged trade dress is generic.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (No Trade Dress/Trademark Use)

129.    Blackberry's fourth through eighth causes of action asserted in the Complaint are barred because Blackberry has not used the alleged trade dress as an indicator of source.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (No Ownership)

130.    Blackberry's fourth through eighth causes of action asserted in the Complaint are barred because Blackberry does not own any right to the alleged trade dress.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Abandonment)

131.    Blackberry's fourth through eighth causes of action asserted in the Complaint are barred because Blackberry has abandoned any rights it may have had in its alleged trade dress.

### TWENTY FIRST AFFIRMATIVE DEFENSE

### (Comparative Negligence)

132.    Blackberry's fourth through eighth causes of action asserted in the Complaint are barred because any confusion or damage that Blackberry has suffered was directly and proximately caused or contributed to by Blackberry's own negligence in failing to exercise reasonable care in protecting their alleged rights

### TWENTY FIRST AFFIRMATIVE DEFENSE

### (Lack Of Sufficient Particularity To Identify All Defenses)

133.    Blackberry's Complaint does not describe the facts or claims being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist.  Defendant will rely on all further defenses that become available during discovery in this action.  Defendant expressly reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses, or to assert such additional affirmative defenses as permitted by law.

### TYPO'S COUNTERCLAIM AGAINST BLACKBERRY

Defendant Typo Products LLC ("Typo"), in Counterclaim against Plaintiff BlackBerry Limited ("BlackBerry"), hereby alleges as follows:

### Parties

1.    Defendant-Counterclaimant Typo is a limited liability company organized under the laws of the State of Nevada with its principal place of business at 1100 Glendon Avenue, Suite 925, Los Angeles, CA 90024.

2.      Upon information and belief, Plaintiff-Counterdefendant BlackBerry is a Canadian company with its principal place of business at 2200 University Avenue East, Waterloo, Ontario, Canada N2K 0A7, and has offices in Northern California, including at 2000 Bridge Parkway, Redwood City, CA 94065.

### Jurisdiction and Venue

3.      These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

5.      BlackBerry has sued Typo for patent infringement of U.S. Patent No. 7,629,964 ("the '964 patent"); U.S. Patent No. 8,162,552 ("the '552 patent"); and U.S. Patent No. D685,775 ("the D'775 patent"). Typo denies that the accused Typo keyboard infringes the asserted claims of the '964, '552 and D'775 patents, and denies that the asserted claims of the claims of the '964, '552 and D'775 patents are valid or enforceable. There is therefore a substantial, actual, and continuing controversy between BlackBerry and Typo as to the infringement, validity and enforceability of the '964, '552 and D'775 patents.

6.      BlackBerry has consented to personal jurisdiction in this District by commencing therein its action for patent infringement against Typo.

### FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '964 Patent)**

7.      Typo repeats and realleges each allegation set forth in Paragraphs 1 through 6 as though fully set forth herein.

8.      Typo has not infringed and does not infringe any valid and enforceable claim of the '964 patent, either, directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

9.     A judicial declaration that Typo has not infringed and does not infringe the '964 patent is necessary and appropriate to resolve this controversy.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '552 Patent)

10.     Typo repeats and realleges each allegation set forth in Paragraphs 1 through 9 as though fully set forth herein.

11.     Typo has not infringed and does not infringe any valid and enforceable claim of the '552 patent, either, directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

12.     A judicial declaration that Typo has not infringed and does not infringe the '552 patent is necessary and appropriate to resolve this controversy.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the D'775 Patent)

13.     Typo repeats and realleges each allegation set forth in Paragraphs 1 through 12 as though fully set forth herein.

14.     Typo has not infringed and does not infringe any valid and enforceable claim of the D'775 patent, either, directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

15.     A judicial declaration that Typo has not infringed and does not infringe the D'775 patent is necessary and appropriate to resolve this controversy.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '964 Patent)

16.     Typo repeats and realleges each allegation set forth in Paragraphs 1 through 15 as though fully set forth herein.

17.     Each asserted claim of the '964 patent is invalid for failure to comply with one or more of the conditions of patentability specified in part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102,103 and/or 112.

18.     A judicial declaration of invalidity of the '964 patent is necessary and appropriate to resolve this controversy.

## FIFTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '552 Patent)**

19.     Typo repeats and realleges each allegation set forth in Paragraphs 1 through 18 as though fully set forth herein.

20.     Each asserted claim of the '552 patent is invalid for failure to comply with one or more of the conditions of patentability specified in part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102,103 and/or 112.

21.     A judicial declaration of invalidity of the '552 patent is necessary and appropriate to resolve this controversy.

## SIXTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the D'775 Patent)**

22.     Typo repeats and realleges each allegation set forth in Paragraphs 1 through 21 as though fully set forth herein.

23.     Each asserted claim of the D'775 patent is invalid for failure to comply with one or more of the conditions of patentability specified in part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102,103 and/or 112.

24.     A judicial declaration of invalidity of the D'775 patent is necessary and appropriate to resolve this controversy.

///

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of the '964 Patent)

25.      Typo repeats and realleges each allegation set forth in Paragraphs 1 through 24 as though fully set forth herein.

26.      Each asserted claim of the '964 patent is unenforceable due to the doctrine of estoppel, BlackBerry's acts, failure to act, omissions, deceptive intent, and/or inequitable conduct during the prosecution of the '964 patent application and/or related patent applications.

27.      The '491 Patent is unenforceable because one or more persons involved in the prosecution of the application that issued as the '964 patent, in particular, its inventors Jason Griffin, John Holmes, Mike Lazaridis, Herb Little, and/or Harry Major, and/or prosecuting attorney Robert H. Kelly, committed inequitable conduct by deliberately withholding one or more known material prior art references from the Patent and Trademark Office (the "PTO") during the prosecution of the '964 patent and related patents. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc) ("In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant *made a deliberate decision* to withhold a *known* material reference.") (emphasis in original) (citing *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)).

28.      In one instance of inequitable conduct, Griffin, Holmes, Lazaridis, Little, Major and/or Kelly withheld from the PTO several prior art products including the Smith Corona Spell Mate 30 and Smith Corona Spell Right 200. The Smith Corona Spell Mate 30 was widely available for sale in the United States by 1988.  A design patent based on the Smith Corona Spell Mate 30, entitled "Pocket Electronic Dictionary," issued on August 20, 1991 as U.S. Patent No. D319,223.  The Smith Corona Spell Right 200 was widely available for sale in the United States by 1988.  A design patent based on the Smith Corona Spell Right 200, entitled "Hand Held

Electronic Dictionary," issued on August 28, 1990 as U.S. Patent No. D310,209. The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 products were both widely available for sale in the United States for over nine years prior to June 26, 1998 (the date to which BlackBerry alleges the '964 patent is entitled to claim priority), and is therefore prior art to the '964 patent.

29.     The PTO rejected an earlier version of the asserted claims of the '964 patent as anticipated by U.S. Patent No. 6,049,796 to Siitonen ("Siitonen"). The PTO allowed the asserted claims of the '964 patent only after the applicants argued, in an amendment dated August 20, 2009, that said claims were not anticipated because Siitonen: "(1) fails to disclose a top row in which the letter keys extend edge to edge, or a middle row in which the keys also extend edge to edge with a letter key adjacent to the left of the left edge; (2) fails to disclose keys in each of the rows that are arranged so that approximately half of the keys in the respective rows are positioned to the left of the vertical reference and half of the keys are positioned to the right of the vertical reference; (3) fails to disclose a top row with five letter keys on each side of the vertical reference, a middle row with five letter keys on the left and four letter leys on the right, and a lower row with four letter keys on the left and three letter keys on the right; and (4) fails to disclose each key in the lower row to be substantially vertically aligned with a respective key in each of the upper and middle row."

30.     Just like the '964 patent, the Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 are both in the field of mobile devices designed for thumb typing, disclose a similar subject matter, and therefore contain information material to the patentability of the '964 patent. The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 teach a keyboard with: (1) a top row in which the letter keys extend edge to edge, or a middle row in which the keys also extend edge to edge with a letter key adjacent to the left of the left edge; (2) keys in each of the rows that are arranged so that approximately half of the keys in the respective rows are positioned

to the left of the vertical reference and half of the keys are positioned to the right of the vertical reference; (3) a top row with five letter keys on each side of the vertical reference, a middle row with five letter keys on the left and four letter leys on the right, and a lower row with four letter keys on the left and three letter keys on the right; and (4) each key in the lower row to be substantially vertically aligned with a respective key in each of the upper and middle row.

31.     The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200, in combination with Siitonen, render obvious all of the asserted claims of the '964 patent.

32.     The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 were each "but-for material" to the examination of the patent application that issued as the '964 patent because the PTO would not have allowed one or more claims of the '964 Patent had it been aware of either the Smith Corona Spell Mate 30 or the Smith Corona Spell Right 200. *Therasense*, 649 F.3d at 1291 ("When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art.").

33.     The Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 are each not cumulative to the information that was before the PTO during prosecution of the '964 patent. During the prosecution of the '964 patent, the applicants argued, in an amendment dated August 20, 2009, that the asserted claims were allowable because neither Siitonen or any other reference before PTO, taken alone or in combination with each other, disclose a keyboard with: (1) a top row in which the letter keys extend edge to edge, or a middle row in which the keys also extend edge to edge with a letter key adjacent to the left of the left edge; (2) keys in each of the rows that are arranged so that approximately half of the keys in the respective rows are positioned to the left of the vertical reference and half of the keys are positioned to the right of the vertical reference; (3) a top row with five letter keys on each side of the vertical reference, a middle row with five

letter keys on the left and four letter leys on the right, and a lower row with four letter keys on the left and three letter keys on the right; and (4) each key in the lower row to be substantially vertically aligned with a respective key in each of the upper and middle row. Because the Smith Corona Spell Mate 30 and Smith Corona Spell Right 200 teach a keyboard with those four limitations, it is not cumulative of the prior art before the PTO during the prosecution of the '964 patent.

34.     Griffin, Holmes, Lazaridis, Little, Major and/or Kelly knew that the Smith Corona Spell Mate 30 and/or Smith Corona Spell Right 200 were prior art, knew that the Smith Corona Spell Mate 30 and/or Smith Corona Spell Right 200 were but-for material to the patentability of one or more claims of the '964 patent, and made a deliberate decision to withhold them from the PTO thereby committing inequitable conduct rendering the '964 Patent unenforceable.

35.     The single most reasonable inference that can be drawn from the evidence is that Griffin, Holmes, Lazaridis, Little, Major and/or Kelly's failure to disclose the Spell Mate 30 and/or Smith Corona Spell Right 200 to the PTO was done with the specific intent to deceive the PTO. This amounts to inequitable conduct rendering the '964 patent unenforceable.

36.     A judicial declaration that the '964 patent is unenforceable is necessary and appropriate to resolve this controversy.

**RESERVATION OF ADDITIONAL COUNTERCLAIMS**

37.     As discovery in this case has not yet commenced, and as Typo continues to investigate the allegations set forth in the Complaint, Typo specifically gives notice that it intends to assert additional counterclaims as may become available by law, statute, or upon discovery in this case. As such, Typo hereby reserves the right to amend its Answer and Counterclaims and to assert such additional counterclaims as allowed by the Federal and Local Rules.

///

TYPO PRODUCTS LLC'S ANSWER AND COUNTERCLAIM

### **PRAYER FOR RELIEF**

WHEREFORE, Typo respectfully requests judgment granting the following relief:

1.     That BlackBerry take nothing by its Complaint;

2.     That the Court dismiss each and every claim in BlackBerry's Complaint with prejudice;

3.     That the Court declare that Typo has not infringed, directly and/or indirectly, willfully or otherwise, any asserted claim of the '964, '552 and D'775 patents;

4.     That the Court declare each asserted claim of the '964, '552 and D'775 patents to be invalid under 35 U.S.C. § 1 *et seq.*;

5.     That the Court declare the '964 patent to be unenforceable;

6.     That the Court enter a permanent injunction restraining BlackBerry and its officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the patent-in-suit on the basis of the making, using, selling, offering for sale, or importing of any Typo product or service;

7.     That the Court award Typo attorneys' fees and costs against BlackBerry pursuant to 35 U.S.C. § 285; and

8.     That the Court award Typo any other relief the Court may deem just, equitable, and proper.

///

///

///

///

///

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Federal Rule of Civil Procedure 38, Defendant Typo hereby demands a trial by

3

jury for all issues so triable.

4

Dated: February 18, 2014                            Respectfully submitted:

5

**THE TAILLIEU LAW FIRM LLP**

6

OLIVIER A. TAILLIEU
RAFFI V. ZEROUNIAN

7

By:   /s/*Olivier Taillieu*

8

Attorneys for Defendant TYPO PRODUCTS LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28