QUINN EMANUEL URQUHART & SULLIVAN, LLP
James R. Asperger (Bar No. 83188)
jamesasperger@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Ray R. Zado (Bar No. 208501)
rayzado@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff BLACKBERRY LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BLACKBERRY LIMITED, a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TYPO PRODUCTS LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 3:14-cv-00023-WHO<br><br>**BLACKBERRY LIMITED'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE CERTAIN COUNTERCLAIMS AND DEFENSES OF TYPO PRODUCTS LLC**<br><br>Date: April 9, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick, III |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 9, 2014, at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff BlackBerry Limited ("BlackBerry") will, and hereby does, move the Court, pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure, to strike Typo Product LLC's ("Typo") Tenth, Eleventh, Twelfth, Thirteenth, Twentieth, and Twenty-First Affirmative Defenses and dismiss Typo's Seventh Counterclaim contained in Typo's Answer to BlackBerry's Complaint.

This motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, and all other papers and arguments submitted in connection with this matter, and any matters of which the Court may take judicial notice.

DATED:  March 11, 2014          QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                            By  */s/ Kevin P.B. Johnson*
                                Kevin P. B. Johnson
                                Attorney for BlackBerry Limited

05710.00002/5806874.5

Case No. 3:14-cv-00023-WHO
BLACKBERRY'S MOTION TO DISMISS AND STRIKE CERTAIN COUNTERCLAIMS AND DEFENSES OF TYPO PRODUCTS LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................2

III. ARGUMENT ..........................................................................................................................3

    A. Typo's Inequitable Conduct Defense and Counterclaim Are Entirely Deficient And Do Not Provide BlackBerry With Adequate Notice Of Their Alleged Basis ................................................................................................................3

        1. The Pleading Standard for Inequitable Conduct Is Heightened and Requires Particularity .......................................................................................3

        2. Typo Fails to Meet The Heightened Pleading Standard for Inequitable Conduct Because It Does Not Allege the Requisite Elements .........................................................................................................5

            (a) *Typo Fails to Specify Who Allegedly Committed Inequitable Conduct* ..................................................................................................5

            (b) *Typo Fails to Specifically Allege that Any Particular Individual Had Actual Knowledge of Material Information* ..............5

            (c) *Typo Fails to Provide Any Facts Indicating Why the Smith Corona References Are Not Cumulative* ...........................................6

            (d) *Typo Provides No Facts to Support Its Allegation of Specific Intent to Deceive the PTO* ................................................................7

            (e) *Typo Fails to Specifically Identify the Claims That Would Not Have Issued But For the Alleged Withholding* ............................8

    B. Typo's Prosecution History Estoppel, Equitable Estoppel, Patent Misuse, Abandonment, and Comparative Negligence Affirmative Defenses Are Entirely Deficient and Should be Struck Under Rule 12(f) .....................................9

        1. Affirmative Defenses Must Be Pleaded With Sufficient Facts to Make Them Plausible on Their Face ............................................................9

        2. Typo's Affirmative Defenses Fail to Allege Any Facts to Support the Pleadings ........................................................................................10

IV. CONCLUSION ....................................................................................................................11

710.00002/5806874.5

i     Case No. 3:14-cv-00023-WHO
BLACKBERRY'S MOTION TO DISMISS AND STRIKE
CERTAIN COUNTERCLAIMS AND DEFENSES OF TYPO PRODUCTS LLC

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abaxis, Inc. v. Cepheid*,
  No. 10-cv-02840-LHK, 2011 WL 3741501 (N.D. Cal. Aug. 25, 2011) ........................... 4, 6, 7, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 2, 4, 9, 11

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................................ 9, 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 4, 9

*CTF Dev., Inc. v. Penta Hospitality, LLC*,
  No. C-09-02429 WHA, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) ............................. 10

*Elan Microelecs. Corp. v. Apple, Inc.*,
  No. C 09-01531 RS, 2010 WL 3069322 (N.D. Cal. Aug. 4, 2010) ..................................... 4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009) ..................................................................................*passim*

*J&J Sports Prods., Inc. v. Mendoza-Govan*,
  No. C-10-05123 WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ............................... 10

*King Pharm., Inc. v. Eon Labs, Inc.*,
  No. 04-CV-5540 DGT, 2010 WL 3924685 (E.D.N.Y. Sept. 28, 2010)
  *aff'd,* 427 F. App'x 896 (Fed. Cir. 2011) ............................................................................... 5

*Nalco Co. v. Turner Designs, Inc.*,
  No. 13-cv-02727 NC, 2014 WL 645365 (N.D. Cal. Feb. 19, 2014) ................................. 4, 7

*Oracle Corp. v. DrugLogic, Inc.*,
  807 F. Supp. 2d 885 (N.D. Cal. 2011) ........................................................................*passim*

*PageMelding, Inc. v. ESPN, Inc.*,
  No. C 11-06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) .............................. 10

*Perez v. Gordon & Wong Law Group, P.C.*,
  No. 11-CV-03323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ........................... 10

*Pixion, Inc. v. Citrix Sys., Inc., No. C 09-03496 SI*,
  2012 WL 762005 (N.D. Cal. Mar. 8, 2012) ..................................................................... 4, 7, 8

*SAP Am., Inc. v. Purple Leaf, LLC, No. C 11-4601-PJH*,
  2012 WL 2237995 (N.D. Cal. June 15, 2012) ..................................................................... 4

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
  537 F.3d 1357 (Fed. Cir. 2008) ......................................................................................... 6, 8

710.00002/5806874.5

ii    Case No. 3:14-cv-00023-WHO
BLACKBERRY'S MOTION TO DISMISS AND STRIKE
CERTAIN COUNTERCLAIMS AND DEFENSES OF TYPO PRODUCTS LLC

*Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*,
   No. C 11-04100 WHA, 2012 WL 1094324 (N.D. Cal. Mar. 29, 2012) ............................*passim*

*Therasense, Inc. v. Becton, Dickinson, and Co.*,
   649 F.3d 1276 (Fed. Cir. 2011)........................................................................................ 4, 8

**Statutes**

Federal Rule of Civil Procedure 9 ...........................................................................................*passim*

Federal Rule of Civil Procedure 12 .........................................................................................*passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure, Plaintiff BlackBerry Limited ("BlackBerry") respectfully submits this motion to dismiss and strike six of Defendant Typo Product LLC's ("Typo") twenty-one affirmative defenses and one of its seven counterclaims. Typo pleads its counterclaim and affirmatives defenses with nothing more than supposition and unsupported conclusions rather than the particularized facts that were required. Typo's pleading should be rejected because it is inadequate as a matter of law to inform BlackBerry of the basis for Typo's alleged defenses and counterclaim.

The Court should strike Typo's Tenth Affirmative Defense and dismiss its Seventh Counterclaim, which both allege that BlackBerry's U.S. Patent No. 7,629,964 ('964 patent) is unenforceable based on inequitable conduct, because—like so many inequitable conduct claims pleaded in other cases—they fall far short of the heightened pleading standard established by the Federal Circuit. Inequitable conduct is a type of fraud and Typo must therefore meet the requirements of Federal Rule of Civil Procedure 9, not merely those of basic notice-pleading. Here, Typo's conclusory allegations of inequitable conduct fail to identify what is required—namely, the "who, what, when, where, and how" of the material misrepresentation or omission allegedly committed before the United States Patent & Trademark Office ("PTO").

In particular, Typo has failed to allege the following elements necessary for a legally sufficient claim of inequitable conduct: (1) exactly who withheld what prior art; (2) how he or she knew of the "materiality" of the prior art; (3) how it is known he or she made a deliberate decision to withhold prior art with specific intent to deceive the PTO; and (4) which patent claims would not have issued but for the alleged withholding of prior art. Failure to allege *any one* of these elements would have been enough to grant BlackBerry's motion to strike and dismiss; Typo's failure to plead all four demonstrates just how inadequate Typo's allegations truly are.

The Court also should strike Typo's Eleventh, Twelfth, Thirteenth, Twentieth, and Twenty-First Affirmative Defenses for prosecution history estoppel, equitable estoppel, patent

misuse, abandonment, and comparative negligence, respectively. Typo fails to allege enough facts to state a claim for relief that is plausible on its face as the Supreme Court and the Northern District require. Typo fails to allege *even a single fact* in support of any of these affirmative defenses. Instead, Typo simply provides bare allegations consisting solely of legal conclusions. These unsupported statements come nowhere close to providing BlackBerry with the requisite fair notice of what is being alleged against it, and these defenses therefore should be struck in their entirety.

For the reasons set forth briefly below, BlackBerry respectfully requests that the Court strike Typo's Tenth, Eleventh, Twelfth, Thirteenth, Twentieth, and Twenty-First Affirmative Defenses, and dismiss Typo's Seventh Counterclaim.

## II.     STATEMENT OF FACTS[1]

In response to Typo's blatant copying of its intellectual property, BlackBerry filed suit on January 3, 2014 against Typo for patent infringement, trade dress infringement, dilution, unfair business practices, and unjust enrichment. Dkt. 1 ("Complaint") ¶¶ 43-97. BlackBerry alleged that Typo infringed U.S. Patent No. 7,629,964 ('964 patent), U.S. Patent No. 8,162,552 ('552 patent), and U.S. Patent No. D685,775 (D'775 patent). Complaint ¶¶56-61. Furthermore, BlackBerry moved for a preliminary injunction against Typo based on Typo's infringement of the D'775 patent and claims 19, 20, and 24 of the '964 patent. Dkt. 12 ("Preliminary Injunction Motion") at 1, 11, 16. BlackBerry's preliminary injunction motion is fully briefed and scheduled for a hearing on March 21, 2014. Dkts. 12, 25, and 26.

On February 18, 2014, Typo answered BlackBerry's complaint. Dkt. 27 ("Answer and Counterclaim"). Typo alleged twenty-one affirmative defenses and seven counterclaims. Typo's Tenth Affirmative Defense and Seventh Counterclaim both assert that the '964 patent is unenforceable due to inequitable conduct for an alleged failure to disclose material prior art to the PTO. Answer ¶¶110-119, Counterclaim ¶¶26-35. Although Typo recites the same litany of

---

[1] For purposes of this motion only, BlackBerry accepts as true the factual allegations, but not the legal conclusions, relating to Typo's inequitable conduct claims in its Answer. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). BlackBerry does not concede that any of the facts are true, and will respond in due course to Typo's allegations in its responsive pleading.

alleged facts for its counterclaim and defense, Typo's inadequate and hollow allegations do not contain the particularized facts necessary to support these fraud-based claims. In addition, Typo's Eleventh, Twelfth, Thirteenth, Twentieth, and Twenty-First Affirmative Defenses allege that the asserted claims of the '964, '552, and D'775 patents are unenforceable because of the doctrines of prosecution history estoppel, equitable estoppel, patent misuse, abandonment, and comparative negligence, respectively. Answer ¶¶120-22, 131-32. Typo's conclusory allegations for each of these affirmative defenses consist of only a single sentence containing no facts.

## III. ARGUMENT

### A. Typo's Inequitable Conduct Defense and Counterclaim Are Entirely Deficient And Do Not Provide BlackBerry With Adequate Notice Of Their Alleged Basis

#### 1. The Pleading Standard for Inequitable Conduct Is Heightened and Requires Particularity

Federal Rule of Civil Procedure 9(b) requires a defendant to state "with particularity" the circumstances allegedly giving rise to inequitable conduct. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). An allegation of inequitable conduct should be struck for failing to satisfy Rule 9(b)'s heightened pleading requirement if it does not include "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. The defendant also must "include sufficient allegations of underlying facts from which a court may reasonably infer that a *specific individual* (1) knew of the withheld *material* information . . . and (2) withheld or misrepresented this information with a *specific intent to deceive* the PTO." *Id.* at 1328-29 (emphasis added). "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particular factual bases for the allegation, does not satisfy [Rule] 9(b)" and should be struck. *Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*, No. C 11-04100 WHA, 2012 WL 1094324, at *3 (N.D. Cal. Mar. 29, 2012); *see also Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 896 (N.D. Cal. 2011) ("a pleading that merely recites the substantive elements of inequitable conduct, without providing the specific factual bases for the allegations, is inadequate under Rule 9(b)").

If a defendant fails to meet these exacting pleading requirements, the counterclaim or

710.00002/5806874.5

3     Case No. 3:14-cv-00023-WHO
BLACKBERRY'S MOTION TO DISMISS AND STRIKE
CERTAIN COUNTERCLAIMS AND DEFENSES OF TYPO PRODUCTS LLC

defense should be dismissed or struck under Rule 9(b) and Rule 12(b)(6) or 12(f), respectively. *See Iqbal*, 556 U.S. at 663 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *SAP Am., Inc. v. Purple Leaf, LLC*, No. C 11-4601-PJH, 2012 WL 2237995, at *6 (N.D. Cal. June 15, 2012) (dismissing inequitable conduct counterclaim for failure to allege sufficient facts as required by *Iqbal*). Courts in this District are routinely presented with—and routinely reject—insufficiently pleaded inequitable conduct claims in cases like this one. *See, e.g.*, *Nalco Co. v. Turner Designs, Inc.*, No. 13-cv-02727 NC, 2014 WL 645365, at *3-6 (N.D. Cal. Feb. 19, 2014) (inequitable conduct pleading inadequate for failing to satisfy all of the "who," "what," "where," "when," and "why" *Exergen* elements); *Tessenderlo*, 2012 WL 1094324, at *4 (also finding inequitable conduct pleading inadequate); *SAP Am.*, 2012 WL 2237995, at *4-6 (same); *Pixion, Inc. v. Citrix Sys., Inc.*, No. C 09-03496 SI, 2012 WL 762005, at *4-7 (N.D. Cal. Mar. 8, 2012) (same); *Abaxis, Inc. v. Cepheid*, No. 10-cv-02840-LHK, 2011 WL 3741501, at *4-6 (N.D. Cal. Aug. 25, 2011) (same); *Oracle*, 807 F. Supp. 2d at 896-900 (same); *Elan Microelecs. Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2010 WL 3069322, at *2-3 (N.D. Cal. Aug. 4, 2010) (same).

Here, too, the Court should strike Typo's allegations of inequitable conduct because Typo fails to identify numerous elements required by Rule 9(b), and thereby fails to provide adequate notice to BlackBerry of the supposed basis for its claims. These serious omissions include: (1) exactly who allegedly withheld what prior art; (2) how he or she knew of the "materiality" of the withheld prior art; (3) how it is known he or she made a deliberate decision to withhold prior art with specific intent to deceive the PTO; and (4) which patent claims of the '964 patent would not have issued but for the alleged withholding. *See, e.g.*, *Exergen*, 575 F.3d at 1328-30; *Therasense, Inc. v. Becton, Dickinson, and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc); *Tessenderlo*, 2012 WL 1094324, at *4. All of these elements are necessary to properly plead inequitable conduct, and Typo's failure to include each one is independently fatal to its pleading.

### 2. Typo Fails to Meet The Heightened Pleading Standard for Inequitable Conduct Because It Does Not Allege the Requisite Elements

(a) *Typo Fails to Specify Who Allegedly Committed Inequitable Conduct*

The '964 patent was prosecuted between April 2007 when the application was filed and its issuance at the end of 2009. Dkt. 18. The patent claims priority to a design patent and utility patent, both of which were filed in June of 1998. Dkt. 1-1 at 1. Typo's inequitable conduct allegations fail to "name the specific individual associated with the filing or prosecution of the application . . . who both knew of the material information and deliberately withheld or misrepresented it." *Exergen*, 575 F.3d at 1329. Instead, Typo lists all five of the named inventors and the prosecuting attorney of the '964 patent [2] as **potentially** having committed inequitable conduct, but **never identifies a specific individual** who knew of the material information and deliberately withheld or represented it. Answer ¶¶111-12, 118-19[3]. Typo only generically refers to "**one or more persons** involved in the prosecution of the application" as the potential bad actor(s). *Id.* at ¶111 (emphasis added). Having deliberately obscured its allegations of misconduct because it lacks proof and/or to keep its options open, Typo cannot meet the exacting standards of Rule 9(b) and *Exergen*. *See Oracle*, 807 F. Supp. 2d at 898 (dismissing general lists of "every . . . person who was substantively involved in the preparation or prosecution of the application . . . ."). Typo's ambiguous defense and counterclaim therefore should be struck and dismissed, respectively, on this basis alone.

(b) *Typo Fails to Specifically Allege that Any Particular Individual Had Actual Knowledge of Material Information*

To plead inequitable conduct properly, a defendant also must plead facts sufficient to support the allegation "that the applicant had 'actual knowledge of the reference's existence.'" *King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 DGT, 2010 WL 3924685, at *5 (E.D.N.Y.

---

[2] The named inventors of the '964 patent are Jason Griffin, John Holmes, Mike Lazaridis, Herb Little, and Harry Major. Dkt. 1-1. The prosecuting attorney is Robert Kelly of Scheef & Stone, LLP. Dkt. 18.

[3] Typo's allegations in its inequitable conduct affirmative defense and counterclaim are nearly identical. For brevity's sake, only citations to the affirmative defense are included in the argument section.

Sept. 28, 2010) *aff'd,* 427 F. App'x 896 (Fed. Cir. 2011). Pleading mere knowledge of the reference itself, however, is not sufficient—the defendant also must plead sufficient facts to support an allegation that the plaintiff knew of the ***specific material information*** contained in the reference. *See Exergen,* 575 F.3d at 1330 ("[O]ne cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material ***information*** contained in that reference.") (emphasis in original).

Typo's inequitable conduct claim and defense merely state that the unspecified person or persons "should have known" about the Smith Corona devices and therefore do not satisfy the pleading standard. *Abaxis*, 2011 WL 3741501, at *4-6 (holding that inequitable conduct claim failed because "should have known" inferences are insufficient to meet knowledge requirement). Rather than pleading sufficient facts to support its allegation that a specific person involved in the prosecution of the '964 patent had ***actual knowledge*** of the existence of either Smith Corona device, Typo alleges generally that the Spell Mate 30 and Spell Right 200 were "widely available for sale in the United States by 1988." Answer ¶112. In fact, Typo even remains ambiguous as to which reference was known by again using "and/or" language. Answer ¶118 ("Griffin, Holmes, Lazaridis, Little, Major, and/or Kelly knew that the Smith Corona Spell Mate 30 ***and/or*** Smith Corona Spell Right 200 . . . .") (emphasis added).

Because Typo's allegations contain no facts demonstrating that any person associated with the prosecution of the '964 patent had knowledge of the Smith Corona devices or any allegedly "***material information***" related to them, the pleading is insufficient as a matter of law. *See Exergen,* 575 F.3d at 1330; *Abaxis*, 2011 WL 3741501, at *5.

      (c) *Typo Fails to Provide Any Facts Indicating Why the Smith Corona References Are Not Cumulative*

Typo's allegations of inequitable conduct are also inadequate under Rule 9(b) because Typo fails to explain why the Smith Corona references—two devices, not even patents—are not cumulative of the substantial volume of prior art that was before the patent examiner during prosecution of the '964 patent. *See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1367 (Fed. Cir. 2008) (information is not material if it is cumulative of other information

710.00002/5806874.5

6 Case No. 3:14-cv-00023-WHO
BLACKBERRY'S MOTION TO DISMISS AND STRIKE
CERTAIN COUNTERCLAIMS AND DEFENSES OF TYPO PRODUCTS LLC

already disclosed to the PTO). Over 170 references are cited on the face of the '964 patent, including prior art disclosed during litigation of related patents. Dkt. 1-1. Typo provides no explanation as to why the asserted Smith Corona devices are relevant to the subject matter of the '964 patent or why those devices are not cumulative of the mass of cited prior art. This omission is also fatal to Typo's inequitable conduct assertions. *See, e.g.*, *Nalco*, 2014 WL 645365 at *3, 5 (rejecting inequitable conduct claim where defendant satisfied the "who," "what," "where," "when" and "intent" requirements but failed to explain why the allegedly withheld reference was not cumulative); *Oracle*, 807 F. Supp. 2d at 889 (rejecting inequitable conduct claim because defendant did not "allege any facts to support an inference that the information allegedly withheld from the PTO is not cumulative of other information previously disclosed to the examiner").[4]

(d)  *Typo Provides No Facts to Support Its Allegation of Specific Intent to Deceive the PTO*

An allegation of inequitable conduct is insufficient under Rule 9(b) if it does not include allegations of underlying facts from which a court may reasonably infer that a specific individual had **"specific intent** to deceive the PTO." *Exergen*, 575 F.3d at 1328-30 (emphasis added); *Tessenderlo*, 2012 WL 1094324, at *3. The bare allegation of intent is not sufficient to support this inference. *Tessenderlo*, 2012 WL 1094324, at *4; *Abaxis*, 2011 WL 3741501, at *5-6. In addition, intent "must be proven separately from materiality, regardless of how significant or material the withheld reference is." *Pixion*, 2012 WL 762005, at *5; *Abaxis*, 2011 WL 3741501, at *6. Even when it is alleged that (1) an applicant knew of a reference, (2) should have known of its materiality, **and** (3) decided not to submit it to the PTO, more is required to prove "specific

---

[4] Significantly, Typo's rational set forth in its answer and counterclaim for why these references are material is flatly contradicted by Typo's statements in earlier submissions to the Court. In its Answer, Typo alleges that the Spell Mate 30 and Spell Right 200 disclose "a lower row with four letter keys on the left and three letter keys on the right" of a vertical reference. Answer ¶¶114, 117. In its Opposition to BlackBerry's Motion for a Preliminary Injunction filed just thirteen days before the Answer, however, Typo stated just the opposite: "The Spell Mate discloses all of these restrictions . . . *save for the 4/3 configuration in the third row*." Dkt. 25 at 6:8-9 (emphasis added). Typo's opposition was supported by a declaration from Typo's own expert, who declared that the Spell Mate 30 and Spell Right 200 *lacked* a lower row with four letter keys on the left and three letter keys on the right of a vertical reference. Dkt. 25-1, ¶40. Thus, to prop up its deficient inequitable conduct claim, Typo is now alleging facts contrary to its own brief and the sworn statement made by its expert *in this very case*.

intent to deceive." *Therasense*, 649 F.3d at 1290 (citing *Star Scientific*, 537 F.3d at 1365) (emphasis added); *Abaxis*, 2011 WL 3741501, at *6.

Typo's allegations do not demonstrate specific intent because Typo merely alleges that someone—it does not specify who—"made a deliberate decision to withhold [the references] from the PTO thereby committing inequitable conduct," without providing any facts as to why that statement is true and accurate. Answer ¶118. Typo then states an unsupportable conclusion that this is "[t]he single most reasonable inference that can be drawn from the evidence is that Griffin, Holmes, Lazaridis, Little, Major and/or Kelly's failure to disclose the Spell Mate 30 and/or Smith Corona Spell Right 200 to the PTO was done with the specific intent to deceive the PTO." *Id.* at ¶119.

These conclusory allegations are insufficient on many levels. First, Typo again deliberately fails to single out any particular individual as having an intent to deceive the PTO by using non-committal "and/or" language. *Id.* at ¶¶118-19. Second, Typo's *inference* of intent—which itself is based on a further inference of knowledge—cannot take the place of *facts* indicating that an individual had a specific intent to deceive the PTO. *Tessenderlo*, 2012 WL 1094324, at *4. For these reasons as well, Typo's affirmative defense and counterclaim of inequitable conduct are fatally flawed and should be struck and dismissed.

    (e)  *Typo Fails to Specifically Identify the Claims That Would Not Have Issued But For the Alleged Withholding*

Finally, Typo's inequitable conduct allegations also fail to "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." *See Exergen,* 575 F.3d at 1329; *Pixion*, 2012 WL 762005, at *7; *Oracle*, 807 F. Supp. 2d at 898; *Tessenderlo*, 2012 WL 1094324, at *4 (where defendant's argument that plaintiff "cannot seriously contend it does not know what claims defendant is referring to—*i.e.* all of the claims asserted" did not cure failure to identify specific claims and limitations). Typo never identifies *any specific claim* of the '964 patent that purportedly would not have issued but for the alleged inequitable conduct. Instead, Typo simply states that "the PTO would not have allowed *one or more claims* of the '964 patent had it been

aware of" the undisclosed alleged prior art references.  Answer ¶116 (emphasis added).  Because the specific claims are never identified by number,[5] Typo also fails to identify which limitations in the affected claims are relevant to the supposedly withheld prior art.  Typo's allegations should be rejected for this reason as well.  *See Tessenderlo*, 2012 WL 1094324, at *4 (dismissing inequitable conduct counterclaim that failed to plead which claims a reference was material to).

Typo's allegations of inequitable conduct thus fail to identify the who, what, when, where, and how of the material misrepresentation or omission allegedly committed before the PTO.  In the place of requisite facts and particularized allegations, Typo gives this Court and BlackBerry nothing more than ambiguity and supposition about an unspecified someone doing something or failing to do something for unexplained reasons.  The clear pleading requirements enforced by the Federal Circuit and this District dictate that this defense should be struck and the counterclaim dismissed under Rules 9 and 12 and the case law presented above.

### B. Typo's Prosecution History Estoppel, Equitable Estoppel, Patent Misuse, Abandonment, and Comparative Negligence Affirmative Defenses Are Entirely Deficient and Should be Struck Under Rule 12(f)

#### 1. Affirmative Defenses Must Be Pleaded With Sufficient Facts to Make Them Plausible on Their Face

The Supreme Court has held that a pleading cannot survive if a party does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547.  Although pleadings do not need to contain in-depth factual allegations, a party must allege grounds for relief beyond just "labels and conclusions." *Id.* at 555.  A pleading does not suffice "if it tenders naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678.  This standard applies in all civil cases. *Id.* at 664.

Courts in this District, and elsewhere, have held that this pleading standard applies to affirmative defenses. *E.g.*, *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010).  Indeed, as Judge Alsup has noted, "there is

---

[5] Typo even leaves ambiguity regarding exactly which specific patent applications were the subject of inequitable conduct.  At the outset of its inequitable conduct claims, Typo alleges inequitable conduct occurred "during the prosecution of the '964 patent application ***and/or related patent applications***." Answer ¶110 (emphasis added).  Typo never specifies which "related patent applications" it is referring to.

widespread agreement" in the Northern District that affirmative defenses must meet this higher standard. *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012); *e.g.*, *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (finding that the heightened pleading standard extends to affirmative defenses). Consequently, affirmative defenses that fail to provide sufficient factual basis under *Twombly* and *Iqbal* should be struck. *See e.g.*, *Barnes*, 718 F. Supp. 2d at 1171-73 (striking several affirmative defenses because AT&T "fail[ed] to provide any facts, instead, just alleging that the affirmative defense exists."); *J&J Sports Prods., Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 WL 1544886, at *4 (N.D. Cal. Apr. 25, 2011) (granting motion to strike affirmative defense of equitable estoppel, waiver and laches, because "defendant only refers to these equitable doctrines, and does not provide any supporting facts"); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) (granting motion to strike affirmative defenses for failure to state sufficient facts to provide "fair notice" under *Iqbal*, because "bare statements reciting mere legal conclusions do not provide a plaintiff with fair notice of the defense asserted").

### 2. Typo's Affirmative Defenses Fail to Allege Any Facts to Support the Pleadings

Typo's Eleventh, Twelfth, Thirteenth, Twentieth, and Twenty First Affirmative Defenses—which purport to assert prosecution history estoppel, equitable estoppel, patent misuse, abandonment, and comparative negligence defenses—should be struck for failing to allege any facts whatsoever. The entirety of Typo's prosecution history estoppel, equitable estoppel, patent misuse, abandonment, and comparative negligence affirmative defenses each amount to one sentence. Typo merely alleges the following in its attempt to establish these five affirmative defenses:

- o "Based on statements, representations, admissions, and/or other conduct during the prosecution of the '964, '552 or D'775 patent applications and/or related patent applications, BlackBerry is estopped from asserting any interpretation of the claims of the '964, '552 or D'775 patents that would cover the Typo keyboard;"

- o "Each asserted claim of the '964, '552, and D'775 patents is unenforceable due [to] the doctrine of equitable estoppels;"

- "Upon information and belief, BlackBerry's claims are barred, in whole or in part, because of patent misuse;"

- "BlackBerry's fourth through eighth causes of action in the Complaint are barred because BlackBerry has abandoned any rights it may have had in its alleged trade dress," and

- "BlackBerry's fourth through eighth causes of action in the Complaint are barred because any confusion or damage that BlackBerry has suffered was directly and proximately caused or contributed to by BlackBerry's own negligence in failing to exercise reasonable care in protecting their alleged rights."

Answer ¶¶120-22, 131-32. Typo fails to allege *even a single fact* in support of these defenses, and therefore provides no "fair notice" to BlackBerry as to any of them. *Iqbal*, 556 U.S. at 698. These conclusory assertions fall well short of the affirmative defense pleading requirements in this District, so Typo's Eleventh, Twelfth, Thirteenth, Twentieth, and Twenty-First Affirmative Defenses should be struck by the Court.

## IV.   CONCLUSION

The allegation that an attorney or patent applicant has committed misconduct before the PTO is a serious accusation that should not be made lightly. Here, Typo asserts a severely deficient inequitable conduct claim that falls woefully short of meeting the exacting pleading standard of Rule 9(b) and controlling precedent. Typo cannot properly plead inequitable conduct against BlackBerry without alleging far more than it has, and with much greater specificity. The Court therefore should dismiss Typo's Seventh Counterclaim under Rules 9(b) and 12(b)(6), and strike Typo's Tenth Affirmative Defense under Rules 9(b) and 12(f).

Additionally, Typo cannot raise prosecution history estoppel, equitable estoppel, patent misuse, abandonment, and comparative negligence defenses without providing facts to support those defenses. Its one-sentence allegations of legal conclusions are not nearly enough under Supreme Court and Northern District precedents. Thus, the Court also should strike Typo's Eleventh, Twelfth, Thirteenth, Twentieth, and Twenty-First Affirmative Defenses under Rule 12(f).

| | |
|---|---|
| DATED:   March 11, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  /s/ Kevin P.B. Johnson |
| | Kevin P. B. Johnson |
| | Attorneys for Plaintiff |
| | BlackBerry Limited |