1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7   BLACKBERRY LIMITED,                              Case No.  14-cv-00023-WHO

        Plaintiff,

8

        v.                                           ORDER GRANTING PLAINTIFF'S
9                                                    MOTION TO STRIKE AND DISMISS
                                                     COUNTERCLAIM AND
   TYPO PRODUCTS LLC,                                AFFIRMATIVE DEFENSES
10

        Defendant.                                   Re: Dkt. No. 30
11

12

13                                           INTRODUCTION

14            Plaintiff BlackBerry Limited has sued defendant Typo Products LLC for patent

15   infringement, trade dress infringement and related causes of action.  BlackBerry moves to dismiss

16   Typo's counterclaim and affirmative defense for inequitable conduct (seventh counterclaim and

17   tenth affirmative defense) because they do not meet the heightened pleading standards of Federal

18   Rule of Civil Procedure 9(b) and to strike Typo's affirmative defenses for prosecution history

19   estoppel (eleventh affirmative defense), equitable estoppel (twelfth affirmative defense), patent

20   misuse (thirteenth affirmative defense), abandonment (twentieth affirmative defense), and

21   comparative negligence (twenty-first affirmative defense) because none provides a factual basis

22   for the defense.  For the reasons stated below, I GRANT BlackBerry's motion.

23                                            DISCUSSION

24   I.   INEQUITABLE CONDUCT COUNTERCLAIM AND AFFIRMATIVE DEFENSE

25            Inequitable conduct must be pleaded with particularity under Federal Rule of Civil

26   Procedure 9(b).  *Exergen Corp. v. Wal–Mart Stores, Inc.,* 575 F.3d 1312, 1318 (Fed. Cir. 2009).

27   To plead inequitable conduct with the requisite particularity, "the pleading must identify the

28   specific who, what, when, where, and how of the material misrepresentation or omission

United States District Court
Northern District of California

committed before the PTO." *Id.* at 1328.  To meet the intent prong, the pleading "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id*. at 1328-29.

Typo alleges that the '964 patent is unenforceable because "inventors Jason Griffin, John Holmes, Mike Lazaridis, Herb Little, and/or Harry Major, and/or prosecuting attorney Robert H. Kelly, committed inequitable conduct by deliberately withholding one or more known material prior art references from the Patent and Trademark Office."  Counterclaim ¶ 27.  Typo's inequitable conduct allegations relate to how the allegedly undisclosed prior art was material to the claims of the '964 patent.  But the allegations do not contain the particularity required to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

### A. Who

"To plead with the required particularity the 'who' of the alleged material omission, [a] pleading must name a 'specific individual associated with the filing or prosecution of the application[s] issuing as the' patents-in-suit 'who both knew of the material information and deliberately withheld or misrepresented it.'" *Abaxis, Inc. v. Cepheid*, 10-cv-02840-LHK, 2011 WL 1044396, *3 (N.D. Cal. Mar. 22, 2011) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 (Fed. Cir. 2009)).

Typo has not identified the specific individual associated with the filing or prosecution of the application, who both knew of the material information and deliberately withheld or misrepresented it.  Instead, Typo has lumped together all of the named inventors and the prosecuting attorney and alleged that all, some, or one of them committed inequitable conduct. Typo alleges that

> Griffin, Holmes, Lazaridis, Little, Major and/or Kelly withheld from the PTO several prior art products including the Smith Corona Spell Mate 30 and Smith Corona Spell Right 200.

Counterclaims ¶ 28 (emphasis added).  Typo also alleges that

> Griffin, Holmes, Lazaridis, Little, Major and/or Kelly knew that the

United States District Court
Northern District of California

> Smith Corona Spell Mate 30 and/or Smith Corona Spell Right 200 were prior art, knew that the Smith Corona Spell Mate 30 and/or Smith Corona Spell Right 200 were but-for material to the patentability of one or more claims of the '964 patent, and made a deliberate decision to withhold them from the PTO thereby committing inequitable conduct rendering the '964 Patent unenforceable."

*Id*. ¶ 34.

That is not sufficient.  *See, e.g., Exergen*, 575 F.3d at 1329 (pleading that referred generally to plaintiff's "agents and/or attorneys" failed to identify "who" because it did not name the specific individual associated "who both knew of the material information and deliberately withheld or misrepresented it"); *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 898 (N.D. Cal. 2011) (allegation that "Each attorney or agent who prepared or prosecuted the application" was insufficient).

Typo cites *Abaxis, Inc. v. Cepheid*, 10-cv-02840-LHK, 2011 WL 1044396 (N.D. Cal. Mar. 22, 2011) in support of its argument that "[a]ccusing the inventors and/or a patent attorney of inequitable conduct satisfies the 'who' requirement."  Opp. at 4.  But unlike this case, the pleading in *Abaxis* contained factual allegations that the patent attorney at issue knew and withheld material information.  *Abaxis*, 2011 WL 1044396, at *6-7.  The factual allegations in *Abaxis* therefore identified the specific individual accused of inequitable conduct.  There are no such allegations in this case.

### B.  Knowledge of material information

"[O]ne cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material *information* contained in that reference."  *Exergen*, 575 F.3d at 1330. Accordingly, a pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual knew of the withheld material information." *Abaxis*, 2011 WL 1044396 (internal punctuation omitted) (citing *Exergen,* 575 F.3d at 1328).  "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith."  *Id.*

Typo alleges that the Spell Mate 30 and the Spell Right 200 prior art references were "widely available" (Counterclaims ¶ 28) and that

3

> Griffin, Holmes, Lazaridis, Little, Major and/or Kelly knew that the Smith Corona Spell Mate 30 and/or Smith Corona Spell Right 200 were prior art, knew that the Smith Corona Spell Mate 30 and/or Smith Corona Spell Right 200 were but-for material to the patentability of one or more claims of the '964 patent, and made a deliberate decision to withhold them from the PTO thereby committing inequitable conduct rendering the '964 Patent unenforceable.

Counterclaims ¶ 34 (emphasis added).  That is insufficient for me to reasonably infer that a specific individual knew of the withheld material information.[1]  To adequately plead knowledge, Typo must allege facts from which a reasonable inference of knowledge "flows logically." *Exergen*, 575 F.3d at 1329 n.5.  No inference flows logically from Typo's present allegations.

### C.  Material and not cumulative

Prior art references are not material if they are cumulative of other information already disclosed to the PTO."  *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.,* 537 F.3d 1357, 1367 (Fed. Cir. 2008).  Accordingly, Typo must plead facts with particularity to show that the allegedly withheld references are not cumulative of other information disclosed during prosecution of the ''964 patent.

BlackBerry contends that the Spell Mate 30 and the Spell Right 200 are not cumulative because they contain four specific limitations which, according to Typo, were not disclosed in any other prior art before the PTO.[2]  Answer ¶ 117 (listing four specific limitations disclosed in the Spell Mate 30 and the Spell Right 200).  That is sufficient at this pleadings stage.

### D.  Specific intent

A pleading of inequitable conduct must include sufficient allegations of underlying facts

---

[1] By pleading in the disjunctive that it was the Spell Mate 30 "and/or" the Spell Right 200, Typo does not even clearly specify what the alleged actors had knowledge of.

[2] In its reply, BlackBerry notes that Typo's opposition to the motion for preliminary injunction argued that the Spell Mate 30 and the Spell Right 200 *lack* a "a lower row with four letter keys on the left and three letter keys on the right"—one of the limitations that Typo now argues was disclosed in the Spell Mate 30 and the Spell Right 200.  Reply at 5-6.  BlackBerry argues that, consequently, "[b]ased upon Typo's own arguments and the sworn testimony of its expert witness, the Smith Corona references do not disclose relevant claim limitations to the '964 patent and therefore cannot give rise to inequitable conduct."  *Id*. at 6.  Whether or not the references do in fact disclose this particular limitation is not an issue for determination at this pleadings stage.

United States District Court
Northern District of California

1    from which a court may reasonably infer that a specific individual withheld or misrepresented

2    material information with a specific intent to deceive the PTO.  *Exergen*, 575 F.3d at 1328-29.  A

3    conclosury allegation of specific intent is insufficient.  *See, e.g. Tessenderlo Kerley, Inc. v. Or-*

4    *Cal, Inc.*, 11-cv-04100 WHA, 2012 WL 1094324, *4 (N.D. Cal. Mar. 29, 2012) (allegation that

5    inventor "deliberately withheld this information with a specific intent to deceive the PTO" was

6    insufficient because factual allegations "do not explain why this is a reasonable inference for the

7    Court to make").

8         Here, Typo has pleaded that "[t]he single most reasonable inference that can be drawn

9    from the evidence is that Griffin, Holmes, Lazaridis, Little, Major and/or Kelly's failure to

10   disclose the Spell Mate 30 and/or Smith Corona Spell Right 200 to the PTO was done with the

11   specific intent to deceive the PTO."  Counterclaims ¶ 35.  But Typo has not pleaded any *facts*

12   from which I can reasonably make this inference.  All that Typo has alleged is that a material

13   reference which was widely available was not disclosed to the PTO.  That is not sufficient to plead

14   inequitable conduct.  *See, e.g., Exergen,* 575 F.3d at 1330 ("Pleading on 'information and belief'

15   is permitted under Rule 9(b) when essential information lies uniquely within another party's

16   control, *but only if the pleading sets forth the specific facts upon which the belief is reasonably*

17   *based*.") (emphasis added).

**E.     Identification of specific claims and limitations to which the withheld references are
         relevant**

20        A party alleging inequitable conduct must identity "which claims, and which limitations in

21   those claims, the withheld references are relevant to, and where in those references the material

22   information is found."  *Exergen*, 575 F.3d at 1329.  Typo has not done so.

23        Typo alleges that BlackBerry's inequitable conduct renders all of the asserted claims of the

24   '964 patent invalid.  Answer ¶ 115.  BlackBerry's complaint, however, has not asserted any

25   particular claims.  *See* Compl. ¶ 57 (alleging that "Typo has infringed and continues to infringe

26   *one or more claims* of the '964 Patent . . . .) (emphasis added).  In its opposition brief, Typo cites

27   BlackBerry's preliminary injunction motion for the proposition that "the asserted claims of the

28   '964 patent are independent claim 19, and dependent claims 20 and 24."  Opp. at 4.  But

BlackBerry's preliminary injunction motion is not its operative pleading. Typo must affirmatively state to which claims the withheld references are relevant.

In addition, Typo has not stated to which limitations within the claims of the '964 patent the withheld references are relevant. Typo cites an Office Action containing the applicants' arguments for why the '964 patent application should issue over the Siitonen reference, but Typo does not identify the actual limitations from the '964 patent. Answer ¶ 117.

To adequately plead inequitable conduct, Typo must affirmatively identify the specific claims of the '964 patent to which the withheld references are relevant, the relevant limitations within those claims of the '964 patent, and where in the withheld references the material information is found. Typo cannot meet this burden indirectly by citing BlackBerry's pleadings and Office Actions.

## II. OTHER AFFIRMATIVE DEFENSES

BlackBerry seeks to strike the following affirmative defenses for failing to meet the pleading requirements that this Court imposes on affirmative defenses:

Eleventh Affirmative Defense (Prosecution History Estoppel)
Based on statements, representations, admissions, and/or other conduct during the prosecution of the '964, '552 or D'775 patent applications and/or related patent applications, BlackBerry is estopped from asserting any interpretation of the claims of the '964, '552 or D'775 patents that would cover the Typo keyboard.

¶ 120.

Twelfth Affirmative Defense (Equitable Estoppel)
Each asserted claim of the '964, '552 and D'775 patents is unenforceable due to the doctrine of equitable estoppel.

¶ 121.

Thirteenth Affirmative Defense (Patent Misuse)
Upon information and belief, BlackBerry's claims are barred, in whole or in part, because of patent misuse.

¶ 122.

Twentieth Affirmative Defense (Abandonment)
Blackberry's fourth through eighth causes of action asserted in the Complaint are barred because Blackberry has abandoned any rights it may have had in its alleged trade dress.

¶ 131.

> Twenty First Affirmative Defense (Comparative Negligence)
> Blackberry's fourth through eighth causes of action asserted in the Complaint are barred because any confusion or damage that Blackberry has suffered was directly and proximately caused or contributed to by Blackberry's own negligence in failing to exercise reasonable care in protecting their alleged rights

¶ 132.

Typo argues that the Court should not apply the *Twombly/Iqbal* pleading standard to its affirmative defenses.  In support, Typo contends that the Ninth Circuit has not addressed whether the heightened *Twombly/Iqbal* pleading standard applies to affirmative defenses and that district courts in the Ninth Circuit, including the Central and Southern Districts of California, "have rejected attempts to apply the *Twombly/Iqbal* pleading standard to affirmative defenses."  Opp. at 10.

Several judges in this Court have found that the *Twombly/Iqbal* standard applies to affirmative defenses.  *See, e.g.*, *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 1746848, *4-5 (N.D. Cal. May 16, 2012) (Wilken, J.); *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, *8 (N.D. Cal. Mar. 26, 2012) (Koh, J.); *Dion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221, *2 (N.D. Cal. Jan. 17, 2012) (Conti, J.); *Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878, *1 (N.D. Cal. Aug. 22, 2011) (Beeler, M.J.); *J&J Sports Prods., Inc. v. Mendoza-Govan*, 2011 WL 1544886, *4 (N.D. Cal. Apr. 25, 2011) (Alsup, J.); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (Patel, J.).

Typo is correct that "none of the opinions constitute binding precedent that this Court is required to follow."  Typo Opp. at 10.  However, I agree with my colleagues that the *Twombly/Iqbal* standard properly applies to affirmative defenses.  As Judge Patel explained, "applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply."  *Barnes*, 718 F. Supp. 2d at 1172 (citations omitted).  "Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many

of the defenses alleged are irrelevant to the claims asserted." *Id.*

Typo's eleventh, twelfth, thirteenth, twentieth and twenty-first affirmative defenses do not plead *any* facts and therefore are insufficiently pleaded. Typo must plead some valid factual bases for pleading these defenses.

## CONCLUSION

BlackBerry's motion is GRANTED. Typo's inequitable conduct counterclaim and affirmative defense are DISMISSED. Typo's affirmative defenses for prosecution history estoppel (eleventh affirmative defense), equitable estoppel (twelfth), patent misuse (thirteenth), abandonment (twentieth), and comparative negligence (twenty-first) are STRUCK. Typo is granted LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM to address the deficiencies noted above. Any amended Answer and Counterclaim shall be filed within 30 days of this order.

**IT IS SO ORDERED**.

Dated: May 8, 2014

WILLIAM H. ORRICK
United States District Judge