UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKBERRY LIMITED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TYPO PRODUCTS LLC,<br><br>　　　　Defendant. | Case No. 14-cv-00023-WHO<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM CLAIM CONSTRUCTION SCHEDULE**<br><br>Re: Dkt. No. 92 |

Defendant Typo requests a 30-day extension of the claim construction schedule[1] and a 30-day extension to respond to discovery served by plaintiff BlackBerry. Dkt. No. 92. Typo contends that good cause exists to because Typo has engaged new counsel in this action and seeks time for its new counsel to get up to speed. Typo also states that it believes that additional time will allow the parties to reduce the number of disputed terms submitted to the Court for construction. BlackBerry opposes Typo's request, arguing that substitution of counsel is not grounds to delay discovery deadlines or to reopen claim construction proceedings. Dkt. No. 95. Blackberry instead proposes a 14-day extension of the claim construction schedule to allow Typo time to reduce the number of disputed terms.

---

[1] The parties had a deadline to exchange proposed claim constructions on July 8, 2014. The parties filed a joint claim construction chart on August 4, 2014. Dkt. No. 80. Claim construction discovery closed on September 3, 2014 and BlackBerry's opening claim construction brief is due September 17, 2014. Typo's responsive claim construction brief is due on October 1, 2014, and BlackBerry's reply is due October 8, 2014.The tutorial is set for October 22, 2014 and the claim construction hearing is set for October 31, 2014. *See* Dkt. No. 43 (parties' proposed schedule); Dkt. No. 60 (proposed schedule adopted at CMC, apart from dates for tutorial and claim construction hearing).

## I. THE CLAIM CONSTRUCTION DEADLINE IS CONTINUED TO ALLOW THE PARTIES TO REDUCE THE DISPUTED TERMS

Typo requests a 30-day stay of the claim construction schedule and to "allow the parties leave to revise the Joint Claim Construction and Prehearing Statement and conduct any necessary discovery associated therewith." Dkt. No. 92 at 4. The joint claim construction statement was already filed on August 4, 2014, over six weeks ago, and claim construction discovery closed on September 3, 2014. Dkt. Nos. 43, 80. Typo has not explained why additional time is warranted. The mere substitution of counsel is not good grounds to reopen claim construction discovery after substantial work has already been undertaken.

However, the Court welcomes an effort to reduce the number of disputed claim terms at issue. Accordingly, by **October 1, 2014**, Typo shall serve a reduced[2] list of disputed terms for construction. BlackBerry shall file its opening claim construction brief on **October 8, 2014**, Typo shall file its response on **October 22, 2015**, and BlackBerry's reply is due by **October 29, 2014**. The Court will hold a technology tutorial on **November 7, 2014** at 9 a.m. in Courtroom 12 and a claim construction hearing on **November 14, 2014** at 9 a.m. in Courtroom 12.

## II. TYPO'S REQUEST TO EXTEND THE DISCOVERY DEADLINE IS DENIED

BlackBerry served discovery on Typo on August 25, 2014 in connection with Blackberry's motion to show cause why Typo should not be held in contempt for violation of the preliminary injunction. Per the Court's order, Typo was required to respond to the discovery requests within 30 days, September 24, 2014. Dkt. No. 87 at 8. Because Typo has not demonstrated good cause,

---

[2] I am not granting Typo leave to identify *new* disputed terms as Typo has not shown good cause for such relief.

1   its request to extend the contempt discovery deadline is DENIED.[3]

2   **IT IS SO ORDERED**.

3   Dated: September 18, 2014



WILLIAM H. ORRICK
United States District Judge

---

[3] New counsel for Typo states that "[a]lthough Typo Products seeks an extension of the deadline for responding to that discovery, we do not intend to delay its responses and will seek to address that discovery while we are getting up to speed on the issues in this case."  Miller Decl. ¶ 3 [Dkt. No. 92-1]