UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKBERRY LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TYPO PRODUCTS LLC,<br><br>　　　　Defendant. | Case No. 14-cv-00023-WHO<br><br>**ORDER GRANTING BLACKBERRY'S MOTION FOR LEAVE TO AMEND; GRANTING PARTIES' MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 111, 112, 115, 122 |

## INTRODUCTION

Plaintiff BlackBerry Limited moves for leave to amend its complaint to add Show Media LLC as a defendant. Typo Products LLC, currently the sole defendant, objects on the grounds that the proposed amendment would be futile, prejudicial, and that BlackBerry's motion was filed in bad faith.

Typo and Show Media have the same executives and employees or contractors. There is no real prejudice to adding a new defendant with such a close relationship to the current defendant, particularly since there is no need to change the schedule for this case as a result of the amendment. The new allegations are not futile -- BlackBerry plausibly alleges that Show Media offered to sell the allegedly infringing keyboard. BlackBerry's motion is GRANTED.

## BACKGROUND

On January 3, 2014, BlackBerry filed a complaint against Typo alleging that Typo's iPhone keyboard infringes BlackBerry's patents and trade dress, constitutes common law unjust enrichment, and violates California Business and Professions Code § 17200. Dkt. No. 1 ¶¶ 56–97.

On March 28, 2014, I granted BlackBerry's motion for a preliminary injunction. Dkt. No. 39. In July 2014, BlackBerry accused Typo of violating the preliminary injunction. I authorized BlackBerry to take limited discovery related to Typo's alleged violation of the preliminary injunction. Dkt. No. 87. Based on information that BlackBerry obtained from that discovery,

BlackBerry alleges that "Show Media is intricately involved in infringing activities, including activities that violate the Court's preliminary injunction." Mot. at 1 [Dkt. No. 111].[1]  I heard argument on BlackBerry's motion to amend its complaint to add Show Media as a defendant on December 3, 2014.

## LEGAL STANDARD

Under Rule 15(a), "[t]he court should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations omitted).  In determining whether to grant leave to amend, courts consider the following five factors:  (i) undue delay; (ii) bad faith; (iii) undue prejudice; (iv) repeated failure to cure deficiencies by amendments previously allowed; and (v) futility of amendment. *Id.* at 1051-52. "Prejudice is the touchstone of the inquiry under Rule 15(a);" of the five factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* at 1052 (internal quotations omitted).

## DISCUSSION

Typo opposes BlackBerry's motion for leave to amend on the grounds that (i) the amendment will prejudice Typo, (ii) the amendment is futile, and (iii) BlackBerry filed the motion in bad faith.

### I.  THE PROPOSED AMENDMENT WILL NOT PREJUDICE TYPO

BlackBerry contends that the proposed amendment will not prejudice Typo because discovery from Typo and Show Media will be coextensive as they have the same executives (Messrs. Hallier and Goodrich) and employees or contractors (Messrs. O'Hare, Whittle, and

---

[1] BlackBerry and Typo filed motions to seal portions of the motion, opposition, reply, and supporting documents, pursuant to Civil Local Rules 7–11 and 79–5(c), (d).  Dkt. Nos. 112, 115, 122.  The motions are unopposed.  Having considered the motions, supporting declarations, the record in this case, and all related facts and circumstances, I find good cause for the requests.  The motions to seal are GRANTED.

1  Parkinson).[2]  Mot. at 11.  BlackBerry also argues that there is no prejudice because these shared

2  employees and executives have been aware of BlackBerry's claims and theories since the

3  inception of the case.  *Id*.

4  In opposition, Typo argues that the proposed amendment will cause prejudice to both

5  Show Media and Typo because fact discovery was scheduled to close on December 9, 2014, a

6  week after the hearing on the motion to amend, and because the amended complaint will increase

7  Typo's litigation costs.  Opp. at 7 [Dkt. No. 114].  At oral argument, counsel for Typo stated that

8  "Typo will be prejudiced because it would have to continue to spend money on this case when the

9  product has already been enjoined. It's been off the market for months. And we should move on,

10  away from discovery."  Dkt. No. 131 at 9.

11  I do not agree that the proposed amendment will prejudice Typo.  The fact discovery

12  deadline will not change as a result of the amendment.  *See* Dkt. No. 130 (minutes from December

13  3, 2014 case management conference).  Whether or not Show Media is added to this case, until

14  this matter is resolved, Typo "would have to continue to spend money on this case when the

15  product has already been enjoined."

16  The proposed amendment will not unduly increase litigation costs.  BlackBerry does not

17  seek to assert new claims against Typo; it seeks to assert its existing claims against Show Media.

18  *See* Proposed Amended Complaint [Dkt. No. 111–3].  Accordingly, adding Show Media as a new

19  defendant will not expand the scope of Typo's liability, nor will it require Typo to conduct

20  additional discovery.  *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir.

21  1989) (amendment that puts the defendant "through the time and expense of continued litigation

22  on a new theory, with the possibility of additional discovery, would cause undue prejudice").

23  Show Media may be a new defendant, but since it and Typo have the same executives and

24  employees or contractors, Show Media will not have the burdens that a party which is unfamiliar

---

[2] Typo concedes that Messrs. Hallier, Goodrich, Whittle, O'Hare, and Parkinson were employees, executives, or contractors of both Typo and Show Media.  Hallier Decl. ¶¶ 14–15 [Dkt. No. 114–1].  Typo does not explicitly dispute that discovery will be coextensive, however it argues that "[t]here in [sic] insufficient time for a new party to plead, and for discovery to be taken, by the scheduled close of discovery."  Opp. at 7.

with the pleadings, discovery and analysis of the substantive merits of the claims would have in joining a lawsuit at the close of discovery.

## II.     THE PROPOSED AMENDMENT IS NOT FUTILE

A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

Typo argues that the proposed amendment is futile because Show Media has not "made, used, offered to sell, sold or imported a patented invention" and therefore has not committed the alleged infringement.[3]  Opp. at 4 (citing 35 U.S.C. § 271(a)).  Typo further contends that the executives and employees or contractors who worked for both Typo and Show Media were "engaged and compensated" separately and they were not acting on behalf of Show Media when they sold the allegedly infringing products.[4]  Hallier Decl. ¶¶ 14–16 [Dkt. No. 114–1].

I disagree.  BlackBerry alleges that Show Media employees offered to sell the allegedly infringing keyboard.  Documents Typo produced in the course of the contempt discovery indicate that Show Media employees negotiated with third parties for the sale of the allegedly infringing keyboard.  *See, e.g.*, Lynch Decl. Ex. 3 [Dkt. No. 111–5].  Those documents support plausibkle allegations of infringement.  Show Media will have the opportunity to contest BlackBerry's allegations, but I cannot conclude that the allegations are futile.

## III.     THE MOTION FOR LEAVE TO AMEND WAS NOT MADE IN BAD FAITH

A motion is brought in bad faith when the party engages in dilatory tactics such as adding a

---

[3] Typo contends that Show Media is a marketing company that operates and offers advertising space on digital interactive screens that are installed in taxi cabs in Las Vegas, Nevada and Macau, China.  Hallier Decl. ¶ 3 [Dkt. No. 114–1].

[4] One day after Typo filed its opposition, BlackBerry requested production of all documents showing that Typo compensated Messrs. Goodrich and Whittle directly and of a copy of the lease agreement between Typo and Show Media.  Briggs Decl. Ex. 2 at 1 [Dkt. No. 123–3].  Typo did not respond.  Briggs Decl. ¶ 2 [Dkt. No. 123–1].

defendant merely to "destroy diversity and to destroy the jurisdiction of this court," *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987), or seeks to amend late in the litigation to avoid or mitigate an adverse ruling. *Bonin v. Calderon,* 59 F.3d 815, 846 (9th Cir. 1995).

Typo argues that BlackBerry filed the motion in bad faith because BlackBerry "bases its Motion on a narrow subset of documents, while ignoring the commercial documents which confirm that Show Media had nothing to do with Typo's business."[5] Opp. at 4–5. In support, Typo cites various documents related to sales between Typo and four companies, including: (i) invoices, (ii) contracts, (iii) emails, and (iv) purchase orders. *See* Hallier Decl. Ex. 1, 2, 3 [Dkt. Nos. 114–2, 114–3, 114–4].

Typo is wrong. The documents that Typo cites do not prove that Show Media had nothing to do with Typo's business or that BlackBerry's proposed amendment would be futile. On the contrary, the documents show that Show Media employees were involved in negotiations with third parties to import and sell the allegedly infringing keyboards. Hallier Decl. ¶¶ 14, 15 [Dkt. No. 114–1], Ex 3 at 17 [Dkt. No. 114–4]. Typo has failed to show that BlackBerry's motion was brought in bad faith.

## CONCLUSION

BlackBerry's motion for leave to amend is GRANTED. Dkt. No. 111. BlackBerry shall file its first amended complaint as a separate document on the docket within 7 days of this order.

The parties' motions to seal are GRANTED. Dkt. Nos. 112, 115, 122.

**IT IS SO ORDERED**.

Dated: December 9, 2014

WILLIAM H. ORRICK
United States District Judge

---

[5] Typo also argues that BlackBerry filed the motion in bad faith because BlackBerry did not seek to meet and confer before filing the motion. BlackBerry asked for Typo's consent to amend the complaint. Dkt. No. 111–6. Typo refused, asserting that "any such motion would be futile and frivolous." *Id*. Typo asked BlackBerry not to "threaten to file frivolous motions." *Id*. In the context of those communications, I find that BlackBerry complied with its meet and confer obligations.